Mr. Richard A. Weiss, Director Department of Finance and Administration Post Office Box 3273 Little Rock, AR 72203-3278
Dear Mr. Weiss:
You have presented the following question for my opinion:
 Does Act 1711 of 2001 apply to constitutional officers and their staff members, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission, as well as all boards, commissions, departments, councils, and bureaus?
RESPONSE
Summary of Opinion: It is my opinion that Act 1711 of 2001 (codified at A.C.A. § 25-1-110) does apply to constitutional officers and their staff members, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission, as well as to all boards, commissions, departments, councils, and bureaus (except those specifically excluded in subsection (e) of the act). However, a potential separation of powers could arise out of the application of this act.
Discussion
Act 1711 of 2001 [A.C.A. § 25-1-110] was entitled: "An Act to Ensure the Efficient Use of State-Owned Automobiles and for Other Purposes."
The text of the act states in full:
 (a) Each agency shall ensure that the purchase and continued ownership of state-owned vehicles is cost-effective for the agency.
 (b)(1) Each agency shall determine if the purchase or continued ownership of a vehicle is cost-effective based upon a comparison between state vehicle ownership and private car mileage reimbursement break-even points, as established pursuant to regulations promulgated by the Department of Finance and Administration.
 (2) The comparison shall be based upon the previous year's use of the state-owned vehicle.
 (c) On June 1 of every year, each agency shall provide the department a report including:
(1) The number of agency vehicles;
(2) The mileage used on the agency vehicles;
(3) Any private car mileage reimbursements; and
 (4) Justification for retention of all vehicles identified as underutilized.
 (d) By September 1 of each year, the department shall provide each agency and the Legislative Council with recommendations concerning the continued ownership of state-owned vehicles by each agency.
 (e) The provisions of this section do not apply to institutions of higher education and vocational technical institutes.
A.C.A. § 25-1-110.
Although the term "agency," as used in the act, is not defined, other features of the act lead me to conclude that the term should include constitutional officers and their staff members, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission, as well as all boards, commissions, departments, councils, and bureaus. The title of the act, as well as the language of its text, indicate a general goal of achieving greater efficiency in the use of state-owned automobiles. A common-sense interpretation of that general intent must assume, unless otherwise indicated, that the achievement of that goal is a concern wherever state-owned automobiles are used. Indeed, nothing in the text or the title of the act reflects evidence that the achievement of this goal would not be a concern in the constitutional offices, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission. That is, the act gives no indication whatsoever that the legislature was concerned with achieving efficiency in the use of state-owned automobiles by some state entities, but not others (except for the ones that it specifically excludes). Nor does the act give any indication that its concern with the achievement of greater efficiency in the use of state-owned automobiles by constitutional offices, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission was overridden by other concerns.
I find highly significant the fact that the act does explicitly exclude certain named entities (institutions of higher education and vocational technical institutes). In my view, the legislature's explicit exclusion of these entities indicates that these are the only intended limitations on the applicability of the act. In interpreting similar explicit exclusions, the Arkansas Supreme Court has consistently applied the settled rule of construction that when certain exceptions to a rule are specified, all others are excluded ("expressio unius est exclusioalterius"). See, e.g., Arthur v. Zearley, 320 Ark. 273, 895 S.W.2d 928
(1995). I also note that the act's purpose of ensuring the efficient use of state-owned automobiles could be significantly thwarted if un-stated exceptions were read into the act.
I acknowledge that my predecessor opined that when the legislature has intended to include constitutional offices in the applicability of a statute, it has specifically stated this intent. See Op. Att'y Gen. No.93-146. However, that opinion and the legislation it was addressing are distinguishable from the issues and legislation under consideration in this opinion. Opinion No. 93-146 was considering whether an act should apply to constitutional offices when it defined the term "state agency" as "any agency, institution, department, board, or commission." In concluding that the act did not apply to constitutional offices, my predecessor compared other statutes that had defined the term "state agency," and found that some of those definitions had included the term "office," whereas others had not.
Act 1711 of 2001 cannot be analyzed under the reasoning that was applied in Opinion No. 93-146, because it does not define the term "state agency" at all. The conclusion reached in Opinion 93-146 thus begs the question with regard to Act 1711 of 2001. Moreover, an application of the reasoning used in that opinion would bring about the absurd result that Act 1711 of 2001 applies only to entities that are known as "state agencies," but does not apply to any "institution," "department," "board," or "commission," because those types of entities are not specifically named in the act. For this reason, I must conclude that Opinion No. 93-146 is not relevant to an analysis of the applicability of Act 1711 of 2001.
Accordingly, I conclude that Act 1711 of 2001 does apply to constitutional officers and their staff members, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission, as well as to all boards, commissions, departments, councils, and bureaus (except those specifically excluded in subsection (e) of the act).
I must add two cautionary notes, however.
First, this opinion should not be interpreted to mean that the constitutional officers will always and in all circumstances be in the same position as other administrative agencies, boards, and commissions of the executive branch. Numerous scenarios will arise in which the constitutional officers will, as a matter of law, be subject to very different requirements than other bodies of the executive branch, by virtue of the constitutional source of their authority.
Second, the conclusion I have reached in this opinion is based upon the face of the act. That is, Act 1711, on its face, does not pose any constitutional or other problems. Nevertheless, the act could be applied in a manner that could give rise to a separation of powers concern (see
Ark. Const., Art. 4, §§ 1 and 2) similar to the one that led the court to strike down legislation in Chaffin v. Arkansas Game and Fish Commission,296 Ark. 431, 757 S.W.2d 950 (1988). Under the legislation that was at issue in Chaffin, the state agencies were required to seek the advice of a committee of the Legislative Council before entering into certain contracts. The committee would stamp the proposed contract as either favorable or unfavorable and would report to the full legislature. Although the legislation imposed no required action as a result of the committee's advice, testimony established that the Department of Finance and Administration had never approved a contract that had been stamped as "unfavorable" by the committee. The court held that the legislation violated the principle of separation of powers, because it amounted to a legislative order to executive agencies concerning the execution of their contracts. The legislative committee's "advice" amounted to an impermissible intrusion into matters of executive prerogative.
Act 1711 avoids a facial separation of powers problem by allowing DFA (an arm of the executive branch), rather than the Legislative Council, to provide the recommendation concerning the various agencies' use of state-owned automobiles. A.C.A. § 25-1-110(d). Nevertheless, if (as inChaffin) evidence could be adduced to establish that as a matter of practice the legislature routinely denied or provided funding for automobiles on the basis of the report on the usage of those automobiles, such action might, at some point, be deemed to constitute an improper intrusion by the legislature into decisions that are properly made by the various agencies — i.e., by the various arms of the executive branch. Under those factual circumstances, Act 1711 could be deemed, asapplied, to violate the separation of powers principle. For further discussion of this type of "as applied" violation, see Op. Att'y Gen. No. 2001-033. I note that this would be a problem with regard to all state agencies, and not just the constitutional officers. I reiterate, however, that on its face, Act 1711 is sound.
To summarize, then, I have concluded that Act 1711 of 2001 [A.C.A. §25-1-110] does apply to constitutional officers and their staff members, the Arkansas State Highway and Transportation Department, and the Arkansas Game and Fish Commission, as well as to all boards, commissions, departments, councils, and bureaus. On its face, the act does not pose constitutional problems. However, I have noted that if a state entity can establish that the legislature has impermissibly intruded into the executive function of allocating resources and spending appropriated funds, that entity might be able to establish that Act 1711 of 2001, as applied, violates the separation of powers principle.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General